UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LEE ECKHART, )<br>      Plaintiff )<br>)<br>      vs. )<br>)<br>SCOTT BOURRELL, Individually and )<br>in his Official Capacity as a member )<br>of the Crown Point Police Department; )<br>PETE LAND, in his Official Capacity )<br>as Crown Point Chief of Police; )<br>CROWN POINT POLICE DEPT.; and )<br>CITY OF CROWN POINT, INDIANA; )<br>      Defendants ) | CAUSE NO. 2:10-CV-332-PRC |

**OPINION and ORDER**

This matter is before the Court on Defendants' Motion to Dismiss Portions of Plaintiff's Complaint [DE 9], filed by Defendants Scott Bourrell, Pete Land, Crown Point Police Department (the "Police Department"), and City of Crown Point, Indiana ("Crown Point") (collectively, "Defendants") on September 20, 2010, and Motion for Entry of Final Judgment [DE 18], filed by Defendants on December 14, 2010. Plaintiff Eckhart has not filed a response to the Motion to Dismiss, and the time to do so has passed. For the reasons set forth in this Order, the Court grants the Motions.

**PROCEDURAL BACKGROUND**

Plaintiff filed his initial Complaint on July 22, 2010, in Lake County Circuit Court, and it was removed to Federal Court by Defendants on August 20, 2010. The allegations in the Complaint arise from a July 24, 2008, arrest of Plaintiff by Defendant Bourrell. In the Complaint, Plaintiff

1

sets forth five counts: (I) assault and battery by Bourrell; (II) false imprisonment by Bourrell; (III) intentional infliction of emotional distress as a result of extreme and outrageous conduct by Bourrell; (IV) negligent hiring, training, and supervision of Bourrell by the Police Department; and (V) violations of 42 U.S.C. § 1983, including claims that Plaintiff's constitutional rights have been violated by Defendants, in particular: the right under the Fourth and Fourteenth Amendments to be secure from unreasonable search and seizure; the right under the Sixth and Fourteenth Amendments to be informed of the nature and cause of the accusations against him; the rights under the Fourteenth Amendment not to be deprived of life, liberty or property without due process of law and the right to equal protection of the laws; and the right under the Eight Amendment not to be subjected to any cruel or unusual punishment.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

Defendants filed the instant Motion to Dismiss and accompanying Memorandum in Support on September 20, 2010, and the instant Motion for Entry of Final Judgment on December 14, 2010, after the parties consented to have this case assigned to a United States Magistrate Judge. Plaintiff has not filed a response to either Motion, and the time to do so has passed. Defendants move to dismiss portions of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

**STANDARD OF REVIEW**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the

---

[1] While Defendants' motion seeks dismissal under Indiana Trial Rule 12(B)(6), they have referenced the proper federal rule and standard in their supporting memorandum.

sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 129 S. Ct. at 1949-50; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Determining whether a complaint states a plausible claim for relief requires the Court to draw on its judicial experience and common sense. *Iqbal*, 129 S. Ct. at 1950.

## ANALYSIS

In the instant Motion, Defendants move to dismiss the state law claims of Assault and

Battery (Count I), False Imprisonment (Count II), Intentional Infliction of Emotional Distress (Count III), and Negligent Hiring and Supervision (Count IV), as well as the § 1983 claims in Count V of negligent training; the right to be informed of the nature and cause of accusations arising under the Sixth and Fourteenth Amendments; and the right not to be subjected to cruel and unusual punishment arising under the Eighth Amendment.

**A. State Law Claims**

Defendants argue that Plaintiff's state law tort claims are barred due to his failure to comply with the notice requirement of the Indiana Tort Claims Act ("ITCA"), Ind. Code § 34-13-3-1 *et seq.*, which bars claims against a political subdivision unless a notice is filed with "(1) the governing body of that political subdivision; and (2) the Indiana political subdivision risk management commission . . . within one hundred eighty (180) days after the loss occurs." Ind. Code § 34-13-3-8(a). The notice must inform the municipality of the person's intent to make a claim and contain information sufficient to reasonably afford the political subdivision an opportunity to promptly investigate, determine liability, and prepare a defense to the claim. *Irwin Mortgage Corp. v. Marion County Treasurer*, 827 N.E.2d 34, 36 (Ind. Ct. App. 2005). The governmental entity has ninety days following the filing of a claim to consider and approve or deny the claim. Ind. Code § 34-13-3-11. "A person may not initiate a suit against a governmental entity unless the person's claim has been denied in whole or in part" by the governmental entity. Ind. Code § 34-13-3-13. Defendants City of Crown Point and Crown Point Police Department are political subdivisions within the meaning of the ITCA. *Celebration Fireworks, Inc. v. Smith*, 727 N.E.2d 450, 452 (Ind. 2000); *see also Alexander v. City of South Bend*, 256 F. Supp. 2d 865, 875 (N.D. Ind. 2003) (applying the ITCA to a police department: "The ITCA applies to suits against employees of political subdivisions as well

as the subdivisions themselves.").

Plaintiff does not allege that he filed a Tort Claim Notice and has offered no response to Defendants' argument that his state law claims are barred due to his non-compliance with the ITCA. Non-compliance with the tort claim notice requirement "has been excused in certain cases based on the theories of substantial compliance, waiver, and estoppel." *Daugherty v. Dearborn County*, 827 N.E.2d 34, 36 (Ind. Ct. App. 2005). However, "[o]nce a defendant raises failure to comply with the ITCA's notice requirements, the burden shifts to the plaintiff to prove compliance." *Alexander,* 256 F. Supp. 2d at 875. Plaintiff has not made any arguments regarding his compliance with ITCA, giving the Court no grounds to find that he should be excused from its requirements. Plaintiff's § 1983 claims are not affected by his failure to comply with ITCA, but the pendent state court claims, false arrest claims and false imprisonment claims are all covered by the ITCA's notice provisions and therefore must be dismissed. *Id*. at 875-76; Ind. Code § 34-13-3-3(a)(8).

In addition, in Count V, Plaintiff alleges that several of his civil rights "guaranteed by the Indiana and United States Constitution were violated." Although he has not identified any specific provisions of the Indiana Constitution that he is claiming have been violated, there is no private action for damages for constitutional violations in Indiana. *See Cantrell v. Morris*, 849 N.E.2d 488, 493 (Ind. 2006) (recognizing that Indiana "has no statutory provision comparable to 42 U.S.C. § 1983 creating an explicit civil remedy for constitutional violations by either individual officers or governmental entities"); *Smith v. Indiana Dep't of Correction*, 871 N.E.2d 975, 984 (Ind. Ct. App. 2007) ("Our supreme court has recognized that the Indiana Tort Claims Act does not apply to claims based on 42 U.S.C. § 1983, which confers a private action for damages for federal constitutional violations."). Therefore, Plaintiff's claims based on violations of his rights guaranteed by the

5

Indiana Constitution fail.

Defendants also argue that Defendant Bourrell has immunity for all state law claims against him in his individual capacity. Plaintiff alleges that "[d]uring the acts alleged in this Complaint, the defendant[] Scott Bourrell ... w[as] acting under the color of the statutes, ordinances, regulations, customs and usages of and the agents, employees and servants of the defendants, the Crown Point Police Department and the City of Crown Point, under the authority of [his] office[]." The ITCA "governs lawsuits against political subdivisions and their employees. Among other things the statute provides substantial immunity for conduct within the scope of the employee's employment." *Bushong v. Williamson*, 790 N.E.2d 467, 472 (Ind. 2003). Plaintiff alleges that Defendant Bourrell was at all times acting within the scope of his employment, and therefore Defendant Bourrell is entitled to immunity in his individual capacity for actions under any state law claims.

Accordingly, the Court dismisses Plaintiff's state law claims, including his claims for assault and battery, false imprisonment, intentional infliction of emotional distress, and negligent hiring and supervision.

## B. Federal Failure to Train Claims

Count IV of Plaintiff's Complaint alleges negligent hiring, training, and supervision of Defendant Bourell by the Crown Point Police Department. As described above, if Plaintiff is bringing these claims under state law, they fail as a result of his failure to file a Tort Claim Notice. To the extent that Count V includes failure to train claims brought under § 1983, the claims still cannot survive this motion to dismiss.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts

the injury that the government is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Thus, the doctrine of *respondeat superior* has no application in § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). To establish the liability of a municipality for the constitutional deprivation, a plaintiff must demonstrate: "(1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the final force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007) (quoting *Phelan v. Cook County*, 463 F.3d 773, 789 (7th Cir. 2006)). A municipality's failure to train may constitute an official custom or policy for purposes of liability under § 1983 "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). A claim for failure to train can be proven with evidence of either a "failure to provide adequate training in light of foreseeable consequences" or a "failure to act in response to repeated complaints of constitutional violations by its officers." *Sornberger v. City of Knoxville*, 434 F.3d 1006, 1029-30 (7th Cir. 2006).

"In order to state a § 1983 claim against a municipality, the complaint must allege that an official policy or custom not only caused the constitutional violation, but was 'the moving force' behind it." *Estate of Sims v. County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007) (citing *City of Canton,* 489 U.S. at 389; *Arlotta v. Bradley Center*, 349 F.3d 517, 521-22 (7th Cir. 2003); *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002)). "Boilerplate allegations of a municipal policy, entirely lacking in any factual support that a city policy does exist, are insufficient" to survive a

7

motion to dismiss. *Sivard v. Pulaski County*, 17 F.3d 185, 188 (7th Cir. Ind. 1994) (citing *Rodgers v. Lincoln Towing Serv., Inc.*, 771 F.2d 194, 202 (7th Cir. 1985)).

Plaintiff alleges no facts regarding the training of Defendant Bourrell beyond the allegation that the other Defendants "were responsible for the training of police officers in the performance of their duties as policemen and in particular in training police officers how to make a proper arrest" and that they "trained Officer Bourrell in making arrests in accordance with the statutes, ordinances, regulations, customs and usages of the City of Crown Point and the Crown Point Police Department." There is no allegation that the training amounted to deliberate indifference. In Count IV, Plaintiff affirmatively pleads that the Police Department acted negligently, not with deliberate indifference, an "allegation [] insufficient to state a claim under § 1983 for failure to train." *Hernandez v. Dart*, 635 F. Supp. 2d 798, 813 (N.D. Ill. 2009) (citing *City of Canton*, 489 U.S. at 390-92, 109 S. Ct. at 1205-06). Even if the affirmative pleading of negligent training were not incorporated into Plaintiff's § 1983 claims, the Complaint does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" regarding the failure to train claims, and must therefore be dismissed. *Iqbal*, 129 S. Ct. at 1949 (internal quotations omitted); *see also Land v. Wayne County Sheriff's Dep't*, No. 1:09cv365, 2010 WL 2195454, at *2, 2010 U.S. Dist. LEXIS 52392, at *6-7 (S.D. Ind. May 27, 2010) (a claim that "the employee correctional officers of the defendant were not adequately trained, and as such did not provide adequate care and/or protection to the plaintiff, thus resulting in physical and constitutional injury to the plaintiff," even including the additional statement that "'the deficiency in training actually caused the correctional officer/employees of the defendant deliberate indifference to the plaintiff's serious mental disability and/or need,' ... amounts to the type of 'boilerplate allegation' without explanation

8

or factual support that is insufficient to set forth a plausible claim"); *Hutchens v. Harrison*, No. 08cv5366, 2009 WL 1139121, at *6, 2009 U.S. Dist. LEXIS 35869, at *16-17 (N.D. Ill. April 28, 2009) ("[The plaintiff] alleges only that Defendants 'failed to adequately train [the defendant officer]' ... [and] does not allege facts that plausibly suggest that the failure to train was related to any Sheriff policy or practice or a deliberate indifference that could support a Monell claim."); *Martin v. Luckett*, No. 07cv2800, 2009 WL 3678939, at *3, 2009 U.S. Dist. LEXIS 101958, at *10 (N.D. Ill. Nov. 3, 2009) ("Plaintiff simply pleads that Defendant failed 'to instruct members of the Will County Sheriff's Police on proper use of force against individuals undergoing arrest and while in custody.' This pleading is insufficient to meet the 'deliberately indifferent' standard necessary to raise Defendant's alleged failure to train to an actionable 'policy.'"). Plaintiff has failed to state a failure to train claim under § 1983.

**C. Sixth Amendment Claims**

In paragraph 36 of his Complaint, Plaintiff claims that the conduct of Defendants deprived him of the right "to be informed of the nature and cause of the accusations against his, [sic] secured to him, under the Sixth and Fourteenth Amendments to the Constitution of the United States." Defendants argue that this claim must fail because the Complaint never mentions criminal prosecution or alleges any facts with respect to his trial or prosecution.

"Although the Sixth Amendment provides an 'accused' the right 'to be informed of the nature and cause of the accusation,' ... the Sixth Amendment's protection does not come into play until the government has committed itself to prosecution." *Kladis v. Brezek*, 823 F.2d 1014, 1018 (7th Cir. Ill. 1987) (citing U.S. Const. Amend. VI, *United States ex rel. Hall v. Lane*, 804 F.2d 79, 82 (7th Cir. 1986), cert. denied, 480 U.S. 921, 107 S. Ct. 1382, 94 L. Ed. 2d 696 (1987)). The Due

Process Clause of the Fourteenth Amendment made the Sixth Amendment rights "applicable to state criminal prosecutions as well." *Smith v. Grams*, 565 F.3d 1037, 1044 (7th Cir. 2009). There is no constitutional right to be informed of the reason for arrest until the state has committed to prosecution. *Kladis*, 823 F.2d at 1018.

The Complaint makes no mention of any criminal prosecution. Therefore, Plaintiff has failed to state a claim regarding any violations of the Sixth Amendment.

### D. Eighth Amendment Claims

Defendants move for dismissal on Plaintiff's Eighth Amendment claims on the grounds that the rights Plaintiff is claiming under the Eighth Amendment do not apply to him.

The Eighth Amendment of the United States Constitution protects against cruel and unusual punishment. *See* U.S. Const. amend. VIII. "[T]he Eighth Amendment only applies to convicted prisoners," not pretrial detainees. *Williams v. Rodriguez*, 509 F.3d 392, 401 (7th Cir. Ill. 2007) (citing *Cavalieri v. Shepard*, 321 F.3d 616, 620 (7th Cir. 2003)). "[T]he same standard applies to pretrial detainees under the Fourteenth Amendment's due process clause," but the claims brought under the Eighth Amendment must fail because Plaintiff's allegations only encompass his time as a pretrial detainee. *Id*. (citing *Cavalieri*, 321 F.3d at 620; *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 764 (7th Cir. 2002)).

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' Motion to Dismiss Portions of Plaintiff's Complaint [DE 9] and Motion for Entry of Final Judgment [DE 18]. The Court **ORDERS** that:

(1) all state law claims, including the claim of assault and battery in Count I, the claim of

false imprisonment in Count II, the claim of intentional infliction of emotional distress in Count III, and the claim of negligent hiring, training and supervision in Count IV are **DISMISSED**; (2) any claims for a private right of damages for violations of the Indiana Constitution are **DISMISSED**; and (3) the 42 U.S.C. § 1983 claims in Count V of negligent training, violations of the right under the Sixth and Fourteenth Amendments to be informed of the nature and cause of the accusations, and violations of the right under the Eighth Amendment not to be subjected to any cruel or unusual punishment are **DISMISSED**.

SO ORDERED this 4th day of January, 2011.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record